UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNIE L. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV418 JCH |
| ) | |
| STEVE LARKINS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Donnie L. Jackson's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On March 11, 2004, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of attempted statutory rape first degree (Count I), and two counts of attempted statutory sodomy first degree (Counts III and IV). Petitioner was sentenced as a prior and persistent offender and a persistent sexual offender to two concurrent terms of thirty years imprisonment without the possibility of probation or parole, to be followed by a consecutive term of thirty years imprisonment without the possibility of probation or parole. Petitioner's convictions and sentences were affirmed on appeal. State v. Jackson, 161 S.W.3d 890 (Mo. App. 2005). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after a partial evidentiary hearing. (Resp. Exhs. 7, 8). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Jackson v. State, 239 S.W.3d 124 (Mo. App. 2007).

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to obtain discovery, and to locate, interview and call as defense witnesses the detectives involved with his case, to testify as to why Petitioner was arrested, released, and then re-arrested for the same offenses;

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to locate, interview, and call as a witness Petitioner's mother, Mrs. Elvera Russell;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Christopher Brown, Jr., as a witness; and

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to locate, interview, and call as a witness Ms. Malinda Goodson.

The Court will address the claims in turn.

## DISCUSSION

**A.** **Procedural Default**

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to locate, interview, and call as a witness Petitioner's mother, Mrs. Elvera Russell. (§ 2254 Petition, PP. 54-66). Although Petitioner raised the claim asserted in Ground 2 in his post-conviction motion, a review of the record reveals he failed to pursue the claim on appeal of the denial of the motion. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id., citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). Because Petitioner failed to raise the claim stated in Ground 2 of the instant petition on appeal of the

denial of his post-conviction motion, the federal court cannot reach the merits of the claim absent a showing of cause and prejudice or a demonstration, "that failure to consider the federal claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). Petitioner has neither asserted nor shown cause for his failure to raise the claim in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Therefore, the claim raised in Ground 2 of the instant petition is procedurally barred and must be denied.

**B.     Claims Addressed On The Merits**

    **1.     Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to obtain discovery, and to locate, interview and call as defense witnesses the detectives involved with his case, to testify as to why Petitioner was arrested, released, and then re-arrested for the same offenses. (§ 2254 Petition, PP. 46-54).[1] Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

**Conclusions Of Law**

---

[1] To the extent Petitioner also asserts in Ground 1 the 29.15 post-conviction motion court erred in failing to provide an evidentiary hearing on this claim, such claim is not cognizable in this federal habeas petition. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding.").

2.      Claims of ineffective assistance of counsel are assessed in accordance with the familiar standard of *Strickland v. Washington*, 466 U.S. 668 (1984). The postconviction claimant must plead and prove deficient performance plus prejudice, that is, errors of counsel of sufficient magnitude that there is a reasonable probability that, but for the errors, the trial result would have been different. *Id.;* see also *Matthews v. State,* supra. Counsel is presumed to have functioned within the wide range of reasonable professional assistance. The guarantee is not one of perfect advocacy, but reasonable competence, and not every omission of counsel is attributable to deficiencies of constitutional magnitude. *Yarborough v. Gentry*, 540 U.S. 1 (2003).

3.      When it is claimed that defense counsel failed to present a witness's testimony, the movant must plead and prove that counsel knew or should have known of the witness, that the witness could be located through reasonable investigation, that the witness in fact would testify, and that the testimony would produce a viable defense. *Williams v. State*, 168 S.W.3d 433 (Mo. banc 2005).

4.      Jackson's claim concerning evidence of arrest and release in August 2002, prior to the filing of the complaint in this case, is facially insufficient. Such evidence was and is irrelevant. Trial counsel was not deficient in failing to proffer inadmissible evidence.

(Resp. Exh. 8, P. 83). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his third point, Movant[2] argues the motion court clearly erred in denying his 29.15 motion for post-conviction relief without an evidentiary hearing because his Counsel was caused to be ineffective under <u>United States v. Cronic</u>, 466 U.S. 648 (1984) for failing to obtain discovery explaining why Movant was released after being arrested for the offenses on August 16, 2002 and for failing to locate, interview, and call Detectives McAteer, Sasenger, and Chambers. Movant argues further the discovery and witnesses would have provided evidence to show he had been released without charges being filed.
>
> Movant argues he was released after being arrested August 16, 2002. He contends the reason for this may have been that the "police may have had tests performed showing [Movant] did not commit the charged offenses, or the [S]tate may have concluded on August 16 there was not enough evidence with which to charge [Movant]." Movant argues further that his counsel's ineffectiveness was caused by the State's failure to disclose the reason for his

---

[2] Petitioner is referred to as "Movant" by the Missouri Court of Appeals.

release because his Counsel could not have known the reason without disclosure from the State.

The motion court denied Movant's claim concluding that evidence of the first arrest and release was irrelevant and inadmissible. Thus, Movant's counsel was not ineffective for failing to present it.

Movant's claim that his case qualifies as a case where prejudice can be presumed under United States v. Cronic, 466 U.S. 648 (1984) is without merit. Movant argues that in some situations where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." Cronic, 466 U.S. at 659-60. The example given by the Supreme Court of such a circumstance was where counsel was appointed on the day of the trial to represent defendants in a capital case. Id. Here, the surrounding circumstances do not rise to this level and thus do not justify a presumption of ineffectiveness because Movant's Counsel has not entirely failed to subject the State's case to meaningful adversarial testing.

Movant has only pleaded speculative conclusions regarding the possible reasons for the release, and thus was not entitled to an evidentiary hearing. Movant also failed to plead facts showing what the detectives would have testified to regarding the arrest. Therefore, Movant has failed to show that the detectives' testimony would have provided a viable defense. The motion court did not clearly err[] in denying Movant's 29.15 motion for post-conviction relief without an evidentiary hearing because his trial counsel was not ineffective for failing to obtain discovery explaining why Movant was released after being arrested for the offenses on August 16, 2002 or for failing to locate, interview, and call Detectives McAteer, Sasenger, and Chambers. Point denied.

(Resp. Exh. 11, PP. 7-9).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to Petitioner's claim his trial counsel was ineffective for failing to obtain discovery, and to locate, interview, and call as witnesses detectives involved in his case, the Court holds it need not consider whether Petitioner's counsel's performance was deficient, as Petitioner fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, the result of the proceeding would have been different. Specifically, the Court notes Petitioner offers only speculation as to the reasons for his initial release; he claims, "[t]he police *may* have had tests performed showing Petitioner did not commit the charged offenses, or the state *may* have conclude[d] on August 16, there was not enough evidence with which to charge Petitioner." (§ 2254 Petition, P. 48 (emphasis added)). The Court finds such speculative conclusions insufficient

to prove, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. The Court further finds Petitioner's case is not one where "the surrounding circumstances justify a presumption of ineffectiveness....without inquiry into counsel's actual performance at trial." United States v. Cronic, 466 U.S. 648, 662 (1984). Petitioner's request for habeas relief on this ground must therefore be denied.[3]

### 2. Ground 3

As stated above, in Ground 3 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Christopher Brown, Jr., as a witness. (§ 2254 Petition, PP. 66-79). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

**Findings Of Fact**

> 5. Jackson's amended motion for relief under rule 29.15 alleges: (a) trial counsel was ineffective in failing to investigate and present the testimony of Christopher Brown, Crystal Brown's brother, to the effect that he slept in the same room with Crystal whenever the children were being watched by Jackson and that he never saw Jackson attempt to rape or sodomize his sister;....
>
> 6. The Court granted an evidentiary hearing only with regard to the testimony of Christopher Brown. At the time of the evidentiary hearing in 2006, Brown was twelve years old; at the time of the offenses, he was approximately seven or eight years old. Brown testified that he spent time with the defendant and Stacie Brown (Christopher's mother) prior to their breakup, but did not go to the Giles apartment after June 2002. 2/9/06 PCR Tr. 4. At one time prior to trial, he was interviewed at the courthouse, but he did not recall who interviewed him. 2/9/06 PCR 6. Christopher usually would be at the Giles address only on weekends. He did not share a bed with Crystal. He did not witness any sexual contact between Jackson and Crystal, but he normally slept through the night....

---

[3] In light of the Court's ruling that Petitioner failed to demonstrate the requisite prejudice, it need not consider whether trial counsel's performance was constitutionally deficient.

## Conclusions Of Law

> 6. The failure to call Christopher Brown was clearly a matter of trial strategy. Christopher was potentially an important witness, as (unlike other witnesses mentioned) he shared a room with Crystal at night. Trial counsel did not in fact fail to investigate his testimony. Trial counsel interviewed Brown at the courthouse prior to trial and obtained no useful information from him. Counsel made an informed decision not to call him as a witness. 3/23/06 PCR Tr. 9-10. Jackson has wholly failed to overcome the presumption that counsel acted within the wide range of reasonable professional assistance in making this decision. Indeed, at the postconviction hearing, Christopher's testimony proved of little, if any, use to the defense. His testimony concerning the sleeping arrangements at the Giles apartment contradicted that of Jackson. Christopher testified that he did not share a bed with Crystal, whereas Jackson insisted that all three children (Christopher, Crystal, and another brother) slept in one bed. Jackson depo. 14. Christopher stayed with his mother (Stacey Bryant) and Jackson mostly on weekends, and so his opportunities to observe Jackson and the victim were limited. Under all the circumstances, trial counsel's failure to call him as a witness was reasonable trial strategy and had no impact on the reliability of the verdict.

(Resp. Exh. 8, PP. 81-82, 84-85). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his first point, Movant argues the motion court clearly erred in denying his 29.15 motion for post-conviction relief after an evidentiary hearing because his Counsel was ineffective for failing to call Brown as a witness. Movant argues further that had Brown been called, he was willing and available to testify that Movant could not have touched Victim's mouth or vagina with his penis or her vagina with his fingers because Brown would have seen it because he slept in the same bedroom with Victim. We disagree.
>
> To warrant relief in his claim that counsel was ineffective for failing to call a witness, Movant must show: (1) the trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have provided a viable defense. Phillips v. State, 214 S.W.3d 361, 366 (Mo. App. S.D. 2007). Counsel's decision to not call a witness is presumed to be trial strategy and will not support a movant's claim unless he can clearly establish otherwise. Id. The witness's testimony must unqualifiedly support the movant or the failure to call the witness does not constitute ineffective assistance of counsel. Id.
>
> In this case, Movant argues his Counsel was aware that Brown's testimony would have provided a viable defense because it would have shown

> Movant could not have touched Victim's mouth or vagina with his penis and could not have touched Victim's vagina with his fingers because Brown would have witnessed such behavior.
>
> At the evidentiary hearing, Brown, who was then twelve years-old, testified that he was never at Movant's apartment after his mother and Movant separated. However, when his mother and Movant were living together, Brown spent the night at Movant's apartment on some weekends. During these times, Brown testified he slept in the same bed as his brother, Chrishuan, and "in the same area" as Victim. Brown also testified that when he stayed over at Movant's sometimes he slept through the night and did not wake up in the middle of the night.
>
> Movant's Counsel also testified that he had previously discussed the possibility of calling Brown with Movant. Counsel then arranged for an informal interview with Brown. Counsel recalled that Brown was "fairly young and not very articulate." Moreover, Counsel believed Brown "really didn't understand what all was going on at all, and just nodded as I spoke to him." Counsel also testified he never received the information from Brown that Movant believed Brown would provide. Thus, Counsel concluded Brown would not be useful as a witness.
>
> Therefore, Counsel makes clear that his decision not to call Brown as a witness was a matter of trial strategy. Further, Brown's testimony shows that he would not have provided a viable defense and his testimony did not unqualifiedly support Movant because Brown was only able to observe Movant with the Victim during limited periods of time and Brown would not necessarily have known whether the abuse happened because Brown slept through the night on some of the nights in question. Thus, Counsel was not ineffective for failing to call Brown as a witness, and the motion court did not clearly err in denying Movant's 29.15 motion for post-conviction relief after an evidentiary hearing on this claim. Point denied.

(Resp. Exh. 11, PP. 4-5).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

- 9 -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

As stated above, under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner's third ground for relief fails both prongs of the Strickland test. With respect to the deficiency prong, as noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, Petitioner's trial counsel testified he conducted an informal interview of Christopher Brown, Jr. prior to trial, and found the potential witness to be, "fairly young and not very articulate." (Resp. Exh. 7, PP. 17-18). Trial counsel further testified as to his impressions that Brown, "really didn't understand

what all was going on at all," and that he, "wouldn't be useful at all." (Id., P. 18). In light of these circumstances, the Court finds trial counsel's decision not to call Christopher Brown, Jr. as a witness represented reasonable trial strategy, and thus fell within the "wide range of professionally competent assistance" sanctioned by Strickland.

Further, even assuming counsel's performance to be deficient, Petitioner here fails to demonstrate the requisite prejudice. As recognized by the Missouri Court of Appeals, "Brown's testimony shows that he would not have provided a viable defense and his testimony did not unqualifiedly support [Petitioner] because Brown was only able to observe [Petitioner] with the Victim during limited periods of time and Brown would not necessarily have known whether the abuse happened because Brown slept through the night on some of the nights in question." (Resp. Exh. 11, P. 5; see also Resp. Exh. 7, PP. 4-12). Petitioner thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, Strickland, 466 U.S. at 694, and so Ground 3 of his § 2254 petition must be denied.

3. **Ground 4**

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to locate, interview, and call as a witness Ms. Malinda Goodson. (§ 2254 Petition, PP. 80-82).[4] Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

**Findings Of Fact**

> 1. ....Counsel was appointed for Jackson and extensive discovery occurred. Prior to trial, defense counsel endorsed several witnesses, including Linda Goodson and Elvera Russell. During a discovery deposition of the

---

[4] To the extent Petitioner also asserts in Ground 4 the 29.15 post-conviction motion court erred in failing to provide an evidentiary hearing on this claim, as stated above such claim is not cognizable in this federal habeas petition. See Williams-Bey v. Trickey, 894 F.2d at 317.

victim's mother, Stacey Bryant, there was discussion concerning Jackson's mother and another paramour named Mindy and their presence at an address involved in the charges. Bryant depo. 25-26, 38-39 (filed of record in the underlying cause)....

5. Jackson's amended motion for relief under Rule 29.15 alleges: ....(b) trial counsel was ineffective in failing to investigate and present the testimony of one Malinda Goodson, a woman who cohabited with Jackson on Giles Avenue after the breakup with Stacie Bryant, to the effect that she was present in the apartment whenever the children were visiting, that she shared a bed with Jackson, and that she never saw Jackson leave their bedroom on any night when the children were at the apartment;....

### Conclusions Of Law

5. Jackson's claims concerning the uncalled witnesses Goodson and Russell are likewise facially insufficient. The allegation that these witnesses were not investigated by counsel is directly refuted by the record, which reflects that trial counsel was aware of these witnesses. Further, based on the colloquy during the deposition of Stacey Bryant, it is fair to infer that counsel was aware that these persons were present at the Giles apartment at relevant times. The decision not to summon these witnesses, therefore, was a matter of trial strategy. On its face, Jackson's amended motion alleges that these two witnesses never shared the same room with Crystal. Both witnesses had relationships with Jackson that would taint their testimony from the outset. In addition, the testimony of these witnesses would have addressed only a limited period during 2002. Although Crystal did not report sexual contact until the summer of 2002, the State's evidence did not limit the time of the offenses to 2002. Indeed, Crystal testified explicitly that assaults occurred elsewhere than on Giles. T.Tr. 279. Under the circumstances, it is clear that counsel's failure to call these witnesses was a judgment call; even if that call was erroneous, it is equally clear that the absence of this marginal testimony had no impact whatsoever on the reliability of the trial result. See, e.g., *Williams v. State*, 168 S.W.3d at 441-42.

(Resp. Exh. 8, PP. 80, 81, 84). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his second point, Movant argues the motion court clearly erred in denying his 29.15 motion for post-conviction relief without an evidentiary hearing because his Counsel was ineffective for failing to locate, interview, and call Goodson as a witness. Movant argues further that had Goodson been called, she was willing and available to testify that when she lived with Movant for eight months in 2002, she never saw Movant touch Victim's vagina and never saw him touch Victim's mouth or vagina with his penis.

An evidentiary hearing is not required for a post-conviction motion for relief where the motion court determines the motion, files, and records of the case conclusively show the movant is not entitled to relief. Teer v. State, 198 S.W.3d 667, 669 (Mo. App. E.D. 2006). To warrant an evidentiary hearing, a movant's motion must meet three requirements: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must not be refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice to the movant. Id.

Movant contends Counsel knew Goodson, who was another of Movant's girlfriends, existed because Movant told him that she was a potential witness. Movant maintains her testimony would have provided a viable defense because Goodson lived with Movant during part of the twenty-three month period when the abuse occurred, and Goodson would have testified she would have witnessed any inappropriate touching in the living room or bathroom, and that she would have known if Movant left the bedroom at night because she slept with him. Thus, Movant argues Goodson's testimony would have provided a viable defense because if Movant ever touched Victim's vagina or touched Victim's mouth or vagina with his penis, Goodson would have seen it or known about it. Further, Movant contends Goodson's testimony that Victim's mother assaulted her would have provided a viable defense because it would have supported the theory that Victim was making the allegations of abuse to get Movant out of her life because the conflict between Movant and Victim's mother upset Victim.

The motion court found that Movant's counsel investigated Goodson and found she was not at the apartment with Movant and Victim at relevant times. In addition, the motion court noted that Goodson had a relationship with Movant that would taint her testimony. Victim also testified that the abuse occurred in places other than the apartment. Therefore, the motion court found the decision not to call Goodson was a matter of strategy, and even if it was incorrect, Goodson's marginal testimony had no impact whatsoever on the trial result.

The motion court's conclusion is not clearly erroneous. Goodson's testimony does not provide a viable defense because Goodson was not present with Movant at all relevant times, and Goodson's relationship with Movant could taint her testimony. Counsel's decision not to call Goodson was a matter of trial strategy, and Movant has not clearly established otherwise. Therefore, the motion court did not clearly err in denying his 29.15 motion for post-conviction relief without an evidentiary hearing because his Counsel was not ineffective for failing to locate, interview, and call Goodson as a witness. Point denied.

(Resp. Exh. 11, PP. 6-7).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

As stated above, under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner's fourth ground for relief fails both prongs of the Strickland test. With respect to the deficiency prong, as noted above, under Strickland counsel

is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the record reflects trial counsel was aware of Ms. Goodson, and made a strategic decision not to call her as a witness. Decisions relating to trial strategy are "virtually unchallengeable." Strickland, 466 U.S. at 690. This Court therefore holds Petitioner fails to demonstrate his counsel's performance was constitutionally deficient under Strickland.

Further, even assuming counsel's performance to be deficient, Petitioner here fails to demonstrate the requisite prejudice. As recognized by both Missouri State courts, Goodson was not present at all relevant times, and further had a relationship with Petitioner that potentially would have tainted her testimony. In light of these circumstances, Petitioner fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, Strickland, 466 U.S. at 694, and so Ground 4 of his § 2254 petition must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>17th</u> day of September, 2008.

                                               /s/ Jean C. Hamilton
                                               UNITED STATES DISTRICT JUDGE